Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 4780 | **DATE** | 1/23/2002 |
| **CASE TITLE** | HELEN MIHAILOVICH vs. GARY LAATSCH, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendants' bill of costs is granted in part and denied in part. Defendants are awarded a total of $1,134.28 in costs ($425.00 +$440.00+$40.00+$229.28).
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 2 4 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 JAN 23 PM 5:24 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
JAN 24 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HELEN MIHAILOVICH,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　Case No. 99 C 4780
　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　Hon. John W. Darrah
　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
GARY LAATSCH; and LAW OFFICE　　　　 )
OF PAVALON, GIFFORD, LAATSCH　　　　 )
& MARINO,　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)

## MEMORANDUM OPINION AND ORDER

Plaintiff, Helen Mihailovich ("Plaintiff"), sued Defendants, Gary Laatsch and the Law Office of Pavalon, Gifford, Laatsch and Marino, ("Defendants"), for alleged legal malpractice. A jury returned a verdict for Defendants, and judgment was entered in favor of Defendants. Defendants have filed a bill of costs, pursuant to Federal Rules of Civil Procedure 68 or 54(d).

On February 16, 2001, the Defendants served a Rule 68 offer of judgment on Plaintiff that was not accepted. Defendants argue that, since judgment was in their favor, Plaintiff must pay their costs pursuant to Rule 68, which provides that "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68.

However, the Supreme Court has held that "[i]t is clear that [Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply

-1-

inapplicable to . . . case[s] . . . [where] it was the defendant that obtained the judgment." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981); *see also Tideman v. Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 726 (7th Cir. 2000) ("Rule 68 costs are available only when a plaintiff obtains judgment in her favor, but recovers less than the settlement offer. It does not apply to a case like this one, where the judgment is for the defendant."). "Thus, in cases where a defense verdict follows a rejected defense settlement offer, the trial court has discretion to award Rule 54(d) costs, but it does not have the ability to award Rule 68 costs." *Lentomyynti Oy v. Medivac, Inc.*, 997 F.2d 364, 374 (7th Cir. 1993).

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. "The only question then is whether the costs defendants seek are reasonable and were necessary to the litigation." *Rockett v. Marten Transp., Ltd*, No. 99 C 3957, 2001 WL 1512532, at *2 (N.D. Ill. Nov. 28, 2001).

Plaintiff makes two general objections to most of the costs claimed by Defendants: (1) the item Defendants seek to have taxed as a cost is not authorized by § 1920 or (2) the amount sought by Defendants is greatly in excess of the amount recoverable under § 1920. Although Defendants

were given an opportunity to do so, Defendants did not file a reply to Plaintiff's objections.

Defendants seek $2,948.21 for deposition costs. This amount includes the cost of depositions of Paul Box, Jack Skeels, Dale Crum, Dr. Stambolis, J. Thomas Brown, as well as the costs of four videotaped depositions and six charges informatively labeled "transcript cost" or "deposition cost". Defendants have not included any invoice statements about the hourly rate of the court reporter or the length of the depositions or transcripts.

Defendants seek the following amounts in costs of depositions of the following witnesses: $864.05 for Paul Box, $157.00 for Jack Skeels, $138.54 for Dale Crum, $65.00 for Dr. Stambolis, $47.50 for J. Thomas Brown, and $968.50 for "deposition costs". Defendants do not provide any information concerning the hourly rate of the court reporter, how many hours were billed or why the depositions were reasonably necessary for use in the case. Therefore, deposition costs in the amount of $2,240.59 will be disallowed.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). "[A] district court may tax under Rule 54(d) the costs associated with the videotaping of a deposition." *Barber*, 7 F.3d at 645. The Judicial Conference has established $3.00 as the rate per page for an original transcript and $4.00 per page for each expedited copy.

Defendants have not explained whose depositions were videotaped, why those videotapes were used in the case, how long it took to depose the witness, or the rate at which the videotaping was billed. There is no information from which to determine whether such costs were reasonable and whether the videotaped depositions were reasonably necessary for use in the case. Therefore,

$214.62 in videotaped deposition costs will not be allowed.

Defendants seek $285.00 and $208.00 for a total of $493.00 in transcript costs. Since Defendants do not explain how many pages of transcripts were necessary or at what rate, such fees will not be allowed. Accordingly, the Court will disallow the deposition transcript costs of $493.00.

Defendants also seek the following duplicating costs: $369.90 for copies of witness books, exhibit books, depositions and binders to Gary Laatsch; $123.60 for pretrial motions and motions in limine; $1,090.29 for copies of exhibit books; $119.30 for copies of depositions of Patricia Bobb, Dale Crum, Dr. Stambolis, Dr. Figerora, Linda Abbott, and William Berg; $21.30 for copies of Ken Baker's curriculum vitae and report; $31.34 for copies of William Berg's book; and $145.50 for copies. Defendants do not state how many copies of each document were made, how many pages were in each document, at what rate the duplication was billed, or to whom the copies were sent.

A party may recover costs of copies provided to the court and opposing counsel; it cannot recover costs for copies for its own use. *Sharp v. United Airlines*, 197 F.R.D. 361, 362 (N.D. Ill. 2000). Therefore, $369.90 for copies that were made for Gary Laatsch will be disallowed.

Based on the information that has been furnished by Defendants, it cannot be determined whether the copies were reasonably necessary for use in the case, how many pages were copied, or whether the cost of the copies were reasonable. Therefore, $1,531.33 in duplicating costs will be disallowed.

Defendants seek $425.00 in witness fees for seventeen witnesses. The witness fee for each witness was $25.00. Defendants also seek $2,000.00 in witness fees for Dr. Stambolis, $3,250.00 in expenses for Dr. Keeshin, $5,850.00 in expenses for Ken Baker, $5,100.00 in expenses for Curt Rodin, and $8,475.00 in expenses for Patricia Bobb. While Plaintiff does not object to the $25.00

witness fees for the seventeen witnesses, she does object to the $2,000.00 witness fee for Dr. Stambolis and the expenses of Keeshin, Baker, Rodin, and Bobb.

Section 1821 provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b) (2001). Section 1821 also permits a subsistence and travel allowance for witnesses. §1821(c), (d). "Rule 54(d) does not authorize the payment to an expert witness of any witness fees in excess of the limits imposed by § 1821 in its specification of the fees authorized by § 1920." *Sampley v. Duckworth*, 72 F.3d 528, 530 (7th Cir. 1995).

The witness fees for the seventeen witnesses is under the rate permitted by § 1821(b). Therefore, the court will award Defendants $425.00 in witness fees.

Defendants do not state how many days Dr. Stambolis was in attendance or what his travel expenses were. Thus, it cannot be determined whether the amount requested is permitted under § 1821. Therefore, witness fees for Dr. Stambolis in the amount of $2,000.00 will be disallowed. The Court will award $40.00 as a witness fee for Dr. Stambolis's attendance.

Moreover, Defendants do not itemize Baker's, Keeshin's, Rodin's or Bobb's expenses so that it can be determined whether the amounts sought are permissible under § 1821. Moreover, Keeshin, Rodin and Bobb were withdrawn as witnesses. Therefore, their expenses, $22,675.00, will be disallowed.

Defendants seek $840.00 in "exhibit expenses", $3,095.08 in "exhibit expenses Trial Graphix", $136.02 for trial binders, and $229.28 for an aerial photo from Trial Graphix.

"[S]uch a listing in explanation of a single sum [is] an inadequate basis for allowing costs" because it does not show the amount of the individual expenditures. *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 216 (7th Cir. 1975). Defendants do not state the contents of the trial binders or how many were prepared. Therefore, the Court will disallow $4,071.10 in "exhibit expenses", trial binders and "exhibit expenses Trial Graphix."

Defendants did not explain why an aerial photo was necessary for use in the case. However, the Court recalls use of this exhibit. Therefore, the cost of the aerial photo, $229.28, will be allowed.

Defendants seek $310.30 in costs for Federal Express charges. Section 1920 does not list Federal Express as a recoverable cost. "Expenses that are not on the statutory list must be borne by the party incurring them." *Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). Therefore, $310.30 in Federal Express charges will be disallowed.

Defendants seek $5,468.93 in attorney travel expenses for a rental car, airfare to attend a deposition, and hotel bills and parking fees incurred while attending trial. Such expenses are not recoverable as costs. *Wahl*, 511 F.2d at 217 (citations omitted). Moreover, such expenses are not listed as a recoverable cost in § 1920. Therefore, $5,468.93 will be disallowed.

Defendants also seek $183.60 in telephone charges for a deposition of William Berg conducted by telephone. "[C]harges for telephone calls" are not recoverable costs. *Wahl*, 511 F.2d at 217; *see also* §1920. Therefore, $183.60 will be disallowed.

Defendants seek $85.32 for the delivery of trial materials to court. "[T]he expense of transporting exhibits is not a proper element of costs." *Wahl*, 511 F.2d at 218. Furthermore, the delivery of trial materials to court is not listed as a recoverable cost in § 1920. Therefore, $85.32

will be disallowed.

Defendants also seek the following costs: $1,983.10 for Investigative Research Consultants, $300.00 for surveillance on Plaintiff, $2,495.22 for Hanrahan Investigations, $100.00 for a retainer to Legal Document Management for copying costs regarding cases involving Lowrey, and $152.35 for a jury verdict search of William Berg. Defendants have not stated how these expenses were reasonably necessary for use in the case. Additionally, none of these expenses are listed as a recoverable cost in § 1920. Finally, "expenses incurred in making investigations . . . are not recoverable as costs," *Wahl*, 511 F.2d at 217, and the cost of computer research is part of the attorney's fee, not a cost. *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000). Therefore, $5,030.67 will be disallowed.

Finally, Defendants seek $565.00 for subpoena service of John Lowrey, Mark McKenna, Tom Paris, Gerald Wulkowicz, Monte Chen, Jospeh Marsik, Dave Pasulka, William Reynolds, Roger Murphy, Frank Reno and Daniel Waters. Plaintiff does not object to these costs. However, it cannot be determined whether this charge is reasonable because Defendants did not attach an invoice identifying "'what was served, at what address service was accomplished, and how long service took." *Chemetall GNBH v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at *23 (N.D. Ill. Sept. 18, 2001). Prevailing parties may recover service costs that do not exceed the Marshal Service's fees regardless of who effected service. *Collins*, 96 F.3d at 1060.

The Marshal's Service charges $40 per hour for the first two hours and $20 for every hour thereafter plus $0.31 per mile. *EEOC v. Yellow Freight System, Inc.*, No. 98 C 2725, 1999 WL 965854, at *2 (N.D. Ill. Oct. 14, 1999). Since Defendants did not attach an invoice stating where service was accomplished or how long it took, the Court will award the minimum charged by the

Marshal's Service, $40, per person served with a subpoena. Therefore, Defendants are awarded $440.00 for the cost of subpoena service.

For the reasons stated above, Defendants' Bill of Costs is granted in part and denied in part. Defendants are awarded a total of $1,134.28 in costs ($425.00 + $440.00+$40.00 +$229.28).

Dated: January 23, 2002

JOHN W. DARRAH
United States District Judge